**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ELIZABETH PARKER, | : | Case No. 3:11-cv-70 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Michael J. Newman |
| | : | |
| vs. | | |
| | : | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION[1] and**
**NOTICE REGARDING OBJECTIONS**

This case is before the Court pursuant to a request by Plaintiff's counsel for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.§ 2412(d).

In her initial fee petition, counsel requested an EAJA fees/costs award of $3,625.02. (Doc. 15). In response to that fee petition, the Commissioner and Plaintiff's counsel jointly filed a stipulation for EAJA fees/costs in a reduced amount: $3,200.00. (This stipulation is, essentially, a joint, unopposed motion for $3,200 in EAJA fees.) (Doc. 16). Accordingly, the Court views counsel's initial fee petition (for $3,625.02) as moot. The sole matter before the Court, therefore, is the unopposed, joint stipulation for $3,200 in EAJA fees/costs.

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

**I.**

EAJA provides for an award of attorney's fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). Title 28 U.S.C. § 2412(a)(1) likewise provides for an award of costs to the prevailing party. A party who wins a remand under Sentence Four of § 405(g) is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).

The Supreme Court has recently clarified that any fees awarded to a prevailing party under EAJA belong to the litigant, not the litigant's attorney. *See Astrue v. Ratliff*, ___U.S.___, 130 S.Ct. 2521, 2524 (2010). Those fees are subject to an offset to satisfy any pre-existing debt the litigant may owe to the United States. *Id*.

**II.**

On March 3, 2012, Judge Rose adopted the undersigned's Report and Recommendation, and reversed and remanded this matter for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Docs. 12, 13). Accordingly, Plaintiff is the prevailing party in this case for EAJA purposes, *see Shalala*, 509 U.S. at 301-02, and Plaintiff is entitled to an award of attorney fees and costs under EAJA. *Id.*

Plaintiff's counsel advises the Court that she worked 21.0 hours on this matter. (Doc. 15-1, PAGEID 134). At $3,200, this calculates as $152.38 per hour – an hourly rate not challenged by the Commissioner. Having reviewed the time sheet entries submitted by Plaintiff's counsel and the nature of the work counsel performed in this matter, the Court finds the requested fee reasonable.

*See, e.g., Simpson v. Comm'r of Soc. Sec.*, 2010 U.S. Dist. LEXIS 128934 (S.D. Ohio Dec. 7, 2010)(finding an hourly rate of $170 reasonable in an EAJA fee application). Accordingly, Plaintiff is entitled to an award in the amount of $3,200.00 stipulated by both parties.[2]

### III.

Based upon the foregoing, **IT IS THEREFORE RECOMMENDED THAT**:

1. The initial application for EAJA fees and costs filed by Plaintiff's counsel (doc. 15) be found **MOOT AND DENIED**;

2. The stipulation for EAJA fees and costs (doc. 16), filed jointly by Plaintiff's counsel and the Commissioner -- which the Court construes as a joint, unopposed motion for EAJA fees and costs -- be **GRANTED,** and Plaintiff be **AWARDED** the sum of $3,200.00 in EAJA fees and costs; and

3. As no further matters remain pending for review, this case remain **TERMINATED** upon the docket of the Court.

April 20, 2012

                   s/ **Michael J. Newman**
                   United States Magistrate Judge

---

[2] The parties request in the joint stipulation that any fees/costs award be made payable to Plaintiff's counsel as her assignee. To that end, the Court has been provided with a statement signed by Plaintiff clarifying that she has assigned all rights to EAJA fees and costs to her counsel for the time counsel expended representing Plaintiff before this Court. (Doc. 15-1, PageID 136). The Commissioner has stipulated that he will make the EAJA award payable to counsel pursuant to this assignment so long as Plaintiff owes no pre-existing debt to the United States which can be offset against the award. (Doc. 16, PageID 138).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).